Shannon B. Nakabayashi (State Bar No. 215469)
Mariko Mae Ashley (State Bar No. 311897)
Kayla M. Rathjen (State Bar No. 330046)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Shannon.Nakabayashi@jacksonlewis.com
E-mail: Mariko.Ashley@jacksonlewis.com
E-mail: Kayla.Rathjen@jacksonlewis.com

Attorneys for Defendants
DNATA US INFLIGHT CATERING LLC,
121 INFLIGHT CATERING LLC, and
KEVIN KLOIBER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTIAN L. MOORE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DNATA US INFLIGHT CATERING LLC, a New York limited liability company; 121 INFLIGHT CATERING LLC, a New York limited liability company; KEVIN KLOIBER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1453**<br><br><br><br>Complaint Filed:  09/11/2020<br>Trial Date:  None Set |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant DNATA INFLIGHT US CATERING LLC ("dnata") removes the above-entitled action to this Court from the Superior Court of the State of California, County of San Francisco pursuant to 28 U.S.C. § 1441. dnata invokes this Court's original jurisdiction under 28 U.S.C. § 1332(d) (the Class Action Fairness Act) and 28 U.S.C. § 1331 (federal question). dnata submits this Notice of Removal without waiving any defenses to

1

the claims asserted by Plaintiff CHRISTIAN MOORE ("Plaintiff") against Defendants dnata US Inflight Catering LLC, 121 Inflight Catering LLC, and Kevin Kloiber (together, "Defendants") and without conceding that Plaintiff has pleaded any claims upon which relief can be granted. This removal is based on the following grounds:

## I.   PROCEDURAL BACKGROUND.

1.      On September 11, 2020, Plaintiff filed a class action Complaint in the Superior Court of the State of California, County of San Francisco, entitled Christian L. Moore v. Dnata US Inflight Catering LLC, et al., Case No. CGC-20-586512.

2.      On October 13, 2020, Plaintiff served copies of the Complaint, the Summons, Notice of Case Management Conference, Notice of Application for Approval of Complex Litigation Designation, and Civil Cover Sheet on dnata—true and correct copies of which are attached as **Exhibit A**.

3.      On November 12, 2020, Defendants filed an Answer to Plaintiff's Complaint in the Superior Court of the State of California, County of San Francisco. A true and correct copy of Defendants' Answer is attached as **Exhibit B**.

4.      **Exhibits A and B** constitute all the pleadings that have been filed or served in this action as of the date of the filing of this Notice of Removal.

## II.   REMOVAL IS TIMELY.

5.      Plaintiff served dnata with the Complaint on October 13, 2020—thus, the present Notice of Removal is timely under 28 U.S.C. §§ 1446(b) and 1453. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court.

## III.   NOTICE.

6.      dnata will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, County of San Francisco, as required by 28 U.S.C. § 1446(d).

## IV.   PLAINTIFF'S ALLEGATIONS.

7.      Plaintiff alleges that Defendants were "the agent, principal, employee, employer,

DEFENDANT DNATA US INFLIGHT CATERING LLC'S
NOTICE OF REMOVAL TO FEDERAL COURT                    Case No.

representative, joint venture or co-conspirator of each of the other defendants[.]"  (*See* Exh. A (Complaint) ¶ 7.)

8.    Plaintiff's Complaint alleges a putative class of "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class[.]"  (Exh. A (Complaint) at ¶ 20.)

9.    Plaintiff alleges seven claims on behalf of himself and the putative class members: (1) failure to pay overtime wages (Exh. A (Complaint) at ¶¶ 30-36); (2) failure to pay minimum wages (*Id.* at ¶¶ 37-42); (3) failure to provide meal periods (*Id.* at ¶¶ 43-50); (4) failure to provide rest periods (*Id.* at ¶¶ 51-58); (5) waiting time penalties (*Id.* at ¶¶ 59-66); (6) wage statement violations (*Id.* at ¶¶ 67-74); and (7) unfair competition (*Id.* at ¶¶ 75-79).

## V.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

10.    Plaintiff brings this action as a putative class action.[1]  Removal under the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 because (1) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs; (2) the aggregate number of putative class members in all proposed classes is 100 or greater; and (3) diversity of citizenship exists between at least one putative class member and the named defendants in this matter.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453; *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089–90, 1090 n.2 (9th Cir. 2010).  Although dnata denies Plaintiff's factual allegations and denies that Plaintiff or the class he purports to represent are entitled to the relief requested, all requirements for jurisdiction under CAFA have been met in this case.

///

---

[1] dnata denies and reserves the right to contest at the appropriate time, that this action can properly proceed as a class action.

DEFENDANT DNATA US INFLIGHT CATERING LLC'S
NOTICE OF REMOVAL TO FEDERAL COURT                    Case No.

**A. The Putative Class Has More Than 100 Members.**

11.    To remove under CAFA, the aggregate number of putative class members in all proposed classes must be greater than 100. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); *United Steel*, 602 F.3d at 1090, 1090 n.2. Though Plaintiff's Complaint alleges that he "is informed and believes that there are over seventy-five (75) Class Members," the Complaint further alleges that "[a]ccounting for employee turnover during the relevant periods necessarily increases this number." (Exh. A, (Complaint) ¶¶ 23-24.)

12.    According to the Complaint, the relevant class period is four years preceding the September 11, 2020 filing up until the time that notice of the class action is provided to the class (the "Class Period"). (Exh. A (Complaint) at ¶ 20.) dnata employed 459 nonexempt employees in California during the Class Period. (Declaration of Angela Bhojwani ("Bhojwani Decl.") ¶ 6.) Accordingly, there are at least 100 members of Plaintiff's proposed class.

**B. Diversity Of Citizenship Exists.**

13.    To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists—that is, one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(a) (under CAFA's minimal diversity requirements, diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *United Steel*, 602 F.3d at 1090–91 (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

14.    "An individual is a citizen of the state in which he is domiciled. . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff is a California resident. (Exh. A (Complaint) ¶ 2.) Therefore, Plaintiff is a citizen of California for diversity jurisdiction

purposes. Moreover, Plaintiff has brought claims on behalf of putative class members residing in California. (*Id.* at ¶¶ 1, 20.) Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

15.     For diversity purposes, a limited liability company ("LLC") is deemed to be a citizen of any state under whose laws the LLC is organized and of any state where it has its principal place of business. 28 U.S.C. § 1332(d)(10).

16.     CAFA provides that an unincorporated association such as an LLC is a citizen of the state where it has its principal place of business and under whose laws it is organized. 28 U.S.C. § 1332(d)(10). *See Ramirez v. Carefusion Res., LLC*, 2019 U.S. Dist. LEXIS 112995, at *4 (S.D. Cal. July 1, 2019) (under CAFA, an LLC is a citizen of the State under whose laws it is organized and the State where it has its principal place of business); *Lafountain v. Meridian Senior Living*, No. CV 15-03297-RGK (PJWx), 2015 U.S. Dist. LEXIS 84134, at *5 n.2 (C.D. Cal. Jun. 29, 2015); *Marroquin v. Wells Fargo, LLC*, No. 11-CV-163-L-BLM, 2011 U.S. Dist. LEXIS 10510, 2011 WL 476540 (S.D. Cal. Feb. 3, 2011) (finding that minimum diversity existed).[2]

17.     dnata US Inflight Catering LLC is an LLC organized under the laws of the state of New York.[3] (Exh. A (Complaint) ¶ 3-4.) dnata US Inflight Catering LLC is also headquartered in New York, where its books and records are kept and the Company's senior managers are located. (Bhojwani Decl., ¶ 5.) Therefore, dnata US Inflight Catering LLC is a citizen of New York.

18.     Defendant Kevin Kloiber ("Kloiber") is an individual residing in the state of California. (Exh. A (Complaint) ¶ 5.) Therefore, Defendant Kloiber is a citizen of California.

19.     It is not necessary for DOES 1 through 10 to join in this removal as they have been sued under fictitious names, have not been served or received the Summons or the Complaint, and, under 28 U.S.C. § 1441(b)(1), are disregarded for purposes of removal and are not proper parties in this Court.

---

[2] Under Section 1332's clear and unequivocal language, an LLC need only demonstrate its own State of registration and principal place of business.

[3] 121 Inflight Catering LLC is the previous name of Dnata US Inflight Catering LLC as of February 20, 2019 and does not exist as a separate entity. (*See* Bhojwani Decl., ¶ 2.)

DEFENDANT DNATA US INFLIGHT CATERING LLC'S
NOTICE OF REMOVAL TO FEDERAL COURT                    Case No.

20.    Accordingly, *at least one member* of the putative class is a citizen of a state different from a defendant for the purpose of determining diversity.  Plaintiff is a citizen of California and dnata is a citizen of New York.  28 U.S.C. §§ 1332(d)(10).  As a result, diversity jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C.    The Amount in Controversy Exceeds $5,000,000.

21.    Pursuant to CAFA, the claims of the individual members in a putative class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Plaintiff may not avoid removal to federal court under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum.  *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013).  Because here Plaintiff has not expressly pled a specific amount of damages, dnata need only show that it is more likely than not that the amount in controversy exceeds $5,000,000.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788-89 (9th Cir. 2018); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

22.    A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" within the removing party's notice of removal.  *See Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  In the case of a dispute, dnata's burden to establish the amount in controversy is the preponderance of the evidence standard.  *See id.; see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases).  "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."  Senate Judiciary Report, S. REP. 109–14, at 42 (2005) (citation omitted).

23.    A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations."  *Oda v. Gucci America, Inc.*, Case No. 2:14-cv-7468-

1    SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Mackall v.*
2    *HealthSource Global Staffing, Inc.*, 2016 U.S. Dist. LEXIS 119292, at *8 (N.D. Cal. Sept. 2, 2016)
3    ("[T]he burden to establish the amount in controversy by a preponderance of the evidence does
4    not require the defendant to 'research, state, and prove the plaintiff's claims for damages.'");
5    *Sanchez v. Russell Sigler, Inc.*, Case No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. U.S. LEXIS
6    55667, at *5 (C.D. Cal. Apr. 28, 2015). ("[A] removing defendant is not obligated to research,
7    state and prove the plaintiff's claims for damages.") (citation omitted).  *See also LaCross v. Knight*
8    *Transport. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand
9    based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are
10   conflating the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra*
11   *v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in
12   controversy, defendants "are not stipulating to damages suffered, but only estimating the damages
13   in controversy").  The ultimate inquiry is what amount is put "in controversy" by Plaintiff's
14   Complaint, not what a defendant will actually owe.  *LaCross*, 775 F.3d at 1202 (explaining that
15   courts are directed "to first look to the complaint in determining the amount in controversy")
16   (citation omitted).

17       24.    Under *Dart Cherokee*, a removing defendant is not required to submit evidence in
18   support of its removal allegations.  *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir.
19   2020); *Craig v. Universum Communs., Inc.*, 2020 U.S. Dist. LEXIS 144046, at *9 (N.D. Cal. Aug.
20   11, 2020) ("Defendant is not required to submit outside evidence[.]").  However, as detailed below,
21   dnata has both plausibly alleged and established by a preponderance of the evidence that the
22   amount in controversy exceeds $5,000,000 and the Court has jurisdiction pursuant to CAFA.

23       25.    Although dnata denies Plaintiff's factual allegations and denies that Plaintiff or the
24   putative class he seeks to represent is entitled to any relief, Plaintiff's allegations have more likely
25   than not put into controversy an amount that exceeds the $5,000,000 threshold when aggregating

26

27

28

DEFENDANT DNATA US INFLIGHT CATERING LLC'S
NOTICE OF REMOVAL TO FEDERAL COURT                    Case No.

1  the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[4]

2      26.    Plaintiff alleges seven claims on behalf of himself and the putative class: (1) failure

3  to pay overtime wages (Exh. A (Complaint) at ¶¶ 30-36); (2) failure to pay minimum wages (*Id.*

4  at ¶¶ 37-42); (3) failure to provide meal periods (*Id.* at ¶¶ 43-50); (4) failure to provide rest periods

5  (*Id.* at ¶¶ 51-58); (5) waiting time penalties (*Id.* at ¶¶ 59-66); (6) wage statement violations (*Id.* at

6  ¶¶ 67-74); and (7) unfair competition (*Id.* at ¶¶ 75-79).

7                **1.  Waiting Time Penalty Claim**

8      27.    Under Labor Code Section 203, Plaintiff's fifth cause of action, Plaintiff and

9  putative class members seek waiting time penalties from the date their earned and unpaid wages

10  were due, upon termination or resignation, until paid, up to a maximum of thirty days. Cal. Lab.

11  Code § 203(a).

12      28.    During the Class Period, 426 nonexempt employees of dnata in California were

13  terminated, the majority of whom were laid off because of the pandemic on or about March 25,

14  2020.  (Bhojwani Decl., ¶ 8.)

15      29.    The average rate of pay for nonexempt dnata employees in California during the

16  putative class period was $21.22 per hour.  (Bhojwani Decl., ¶ 9.)

17      Therefore, the total waiting time penalties under Labor Code Section 203 is **$2,169,532.80**

18  (426 employees terminated x $21.22 average hourly rate x 8 hours per day x 30 days).

19                **2.  Wage Statement Penalty Claim**

20      30.    Pursuant to Labor Code Section 226(e)(1), an employee suffering an injury as a

21  result of a knowing and intentional failure by an employer (which Plaintiff alleges) is entitled to

22  recover the greater of all actual damages or $50 for the initial pay period in which a violation

---

23  [4] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's

24  Complaint.  dnata's references to potential damage amounts based on Plaintiff's allegations are
   provided solely for establishing that the amount in controversy is more likely than not in excess of

25  the jurisdictional minimum.  dnata maintains that each of Plaintiff's claims is without merit and
   that dnata is not liable to Plaintiff or any putative class member.  In addition, dnata denies that

26  liability or damages can be established on a classwide basis.  No statement or reference contained
   herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually

27  recover any damages based upon the allegations contained in the Complaint or otherwise.  "The
   amount in controversy is simply an estimate of the total amount in dispute, not a prospective

28  assessment of [Defendant's] liability."  *Lewis v. Verizon Commcn's., Inc.*, 627 F.3d 395, 400 (9th
   Cir. 2010).

DEFENDANT DNATA US INFLIGHT CATERING LLC'S
NOTICE OF REMOVAL TO FEDERAL COURT          Case No.

occurs and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.  *See* Cal. Lab. Code § 226(a), (e)(1).  As a penalty, Labor Code Section 226 has a one-year statute of limitations.  *See* Cal. Civ. Code. §340.

31.    Employees were paid weekly.  (Bhojwani Decl., ¶ 7.)

32.    Although hiring in California began in May 2019, dnata began fully operating in California with non-exempt employees on October 1, 2019.  From the start of operations on October 1, 2019 through dnata's March 25, 2020 reduction-in-force there were twenty-six (26) weeks within the relevant statute of limitations.

33.    The penalty for the first violation would be $22,950 ($50 x 459 putative class members).  The penalty for the subsequent violations would be $1,147,500 ($100 x 25 remaining workweeks x 459 putative class members).

34.    Therefore, according to Plaintiff's allegations, the total amount-in-controversy for his Labor Code Section 226 claim is **$1,170,450** ($22,950 initial violation penalty + $1,147,500 subsequent violation penalty).

### 3.  Meal and Rest Period Premium Claim

35.    According to Labor Code Section 226.7, no employer shall require any employee to work during any meal or rest period. Cal. Lab. Code § 226.7(a).  If an employer fails to provide an employee a meal or rest period, the employer shall pay the employee an additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.  Cal. Lab. Code § 226.7(b).

36.    59 weeks have passed since dnata's operations began in California within the class period alleged.  Based on the assumption that the 459 putative class members each were conservatively entitled to one hour of premium wages per week for one missed rest period and one hour of premium wages per week for one missed meal period, the total amount-in-controversy is **$1,149,317.64** (459 employees x $21.22 average hourly rate of pay x 2 hours per week x 59 weeks).

### 4.  Other Claims, Attorneys Fees

37.    In addition to these four claims, Plaintiff seeks damages on behalf of himself and the putative class for: (1) failure to pay overtime wages (Exh. A (Complaint) at ¶¶ 30-36); (2)

9

failure to pay minimum wages (*Id.* at ¶¶ 37-42); and (2) unfair competition (*Id.* at ¶¶ 75-79).  These potential damages and/or penalties significantly increase the amount in controversy.

38.    Finally, Plaintiff seeks his attorneys' fees and costs (Exh. A (Complaint) at Prayer for Relief ¶ K.).  Although dnata denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees.  *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (noting that federal courts have consistently approved of attorney fee awards over the 25% benchmark, specifically at a rate of 30% or higher); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

39.    Accordingly, the following is the minimum amount in controversy based on the allegations alleged by Plaintiff:

| CLAIM | AMOUNT IN CONTROVERSY |
|---|---|
| Labor Code Section 203 | **$2,169,532.80** |
| Labor Code Section 226 | **$1,170,450.00** |
| Labor Code Section 227.6 | **$1,149,317.64** |
| SUBTOTAL | ($4,489,300.44) |
| Attorneys' Fees @ 25% | **$1,122,325.11** |
| **TOTAL** | **$5,611,625.55** |

40.    Based on the foregoing, all requirements for CAFA removal are satisfied here.

**VI.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION BECAUSE THIS MATTER PRESENTS A FEDERAL QUESTION UNDER THE RAILWAY LABOR ACT (RLA).**

41.    U.S. District Courts have original jurisdiction over lawsuits involving federal law. 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions under the . . . laws . . . of the United States.").  When a case filed in state court falls within the original jurisdiction of a district court, a defendant may remove the matter to federal court.  28 U.S.C. § 1441(a).  Removal is proper here because Plaintiff's Complaint raises questions of federal law under Section 184 of the Railway Labor Act (the "RLA") as well as under Section 301 of the Labor

Management Relations Act (the "LMRA").  45 U.S.C. § 184.

42.    Section 301 of LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  "[A]lthough the language of [LMRA] § 301 is limited to 'suits for violation of contracts,' it has been broadly construed to cover most state-law actions that require interpretation of labor agreements."  *Aguilera v. Pirelli Armstrong Tire Corp*., 223 F.3d 1010, 1016 (9th Cir. 2000).  "When resolution of a state-law claim is substantially dependent upon analysis of the terms of a collective-bargaining agreement, that claim must either be treated as a 301 claim or dismissed as pre-empted by federal labor-contract law."  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

43.    At all relevant times, dnata was and is an employer within the meaning of Section 2(2) of the National Labor Relations Act (the "NLRA").  29 U.S.C. § 152(2).

44.    dnata is also a carrier subject to the RLA, which applies to railway and airline carriers, as well as "any company…which operates any equipment or facilities, or performs any service in connection with the transportation, receipt, delivery, elevation, transfer in transit, refrigerator or icing, storage, and handling of property" transported by a carrier. 45 U.S.C. § 151(1).

45.    The RLA provides that both carriers and their employees "shall exert every reasonable effort to make and maintain agreements concerning the rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in order to avoid any interruption to commerce."  45 U.S.C. § 152.  To this end, the RLA sets up a mandatory arbitral mechanism to handle disputes "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions."  *Soldinger v. Nw. Airlines*, 51 Cal. App. 4th 345, 358 (1996) (internal citations

DEFENDANT DNATA US INFLIGHT CATERING LLC'S
NOTICE OF REMOVAL TO FEDERAL COURT                    Case No.

omitted).

46.    The Supreme Court of the United States held that the preemption standard applied under section 301 of LMRA is also appropriate for addressing questions of RLA preemption. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 263 (1994) (holding that "a state-law claim is pre-empted where it 'depends on the interpretation' of the CBA"); *Alvarez v. TransitAmerica Servs.*, 2019 U.S. Dist. LEXIS 5063, at \*8-9 (N.D. Cal. Jan. 9, 2019) (analyzing whether California wage and hour claims are preempted under the RLA based on if the state-law claims require an interpretation of an existing provision of a CBA).

47.    Plaintiff and the putative class members are members of Local 514, Brotherhood of Amalgamated Trades ("Local 514"). (Bhojwani Decl., ¶ 10.) On information and belief, at all relevant times, Local 514 was and is a labor organization within the meaning of Section 2(5) of the NLRA.  29 U.S.C. § 152(5).  Similarly, Local 514 was and is a representative within the meaning of Section 151(6) of the RLA. 45 U.S.C. § 151(6).  dnata and Local 514 entered into two separate Collective Bargaining Agreements which govern the work carried out by employees at the LAX facility and the SFO facility.  (Bhojwani Decl., ¶ 11.)  Attached as **Exhibit 1** to the Bhojwani Declaration is a true and correct copy of the Agreement dated October 1, 2019 which applies to workers at the LAX facility.  (*Id.*)  Attached as **Exhibit 2** to the Bhojwani Declaration is a true and correct copy of the Agreement dated October 1, 2019 which applies to workers at the SFO facility.  (*Id.*)

48.    "Plaintiffs cannot avoid removal by 'artfully pleading' only state law claims that are actually preempted by federal statutes such as section 301 of the Labor Management Relations Act." *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1992) (citation omitted).  "Thus, if a state law claim is completely preempted by a federal statute such as section 301, the state law cause of action necessarily becomes a federal one and can be removed." *Id.*

49.    Here, the Complaint alleges only state law violations and neglects to mention that class members are bound by valid CBAs, which addresses the injuries Plaintiff alleges.  However, the Court is empowered to look beyond the Complaint to the CBA documents, which make clear Plaintiff's claims are preempted by the LMRA and the RLA. *Young v. Anthony's Fish Grottos,*

DEFENDANT DNATA US INFLIGHT CATERING LLC'S
NOTICE OF REMOVAL TO FEDERAL COURT                    Case No.

*Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement artfully pleaded to avoid federal jurisdiction.") (internal quotation marks omitted).

50.     Federal question jurisdiction under LMRA Section 301 arises (1) where the plaintiff asserts a claim based upon a right conferred upon employees by a CBA, or (2) where the resolution of a plaintiff's state-law claims is substantially dependent on the interpretation of a CBA. *Firestone v. So. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). Because RLA preemption is analogous to LMRA preemption, both grounds for asserting jurisdiction under Section 301 apply here.

51.     Third, even though Plaintiff styles his first through sixth causes of action as violations of the California Labor Code, he is in fact claiming that dnata breached the terms of the CBAs. (*See* Exh. A (Complaint) ¶¶ 30–74.) There are numerous circumstances in which the Court will need to interpret the Agreement to resolve Plaintiff's claims. The following is a non-exhaustive list of such circumstances.

52.     First, the CBAs define which employees are covered by the Agreement as follows: "[t]he Employer hereby recognizes the Union as the exclusive collective bargaining agent for all full time and regular part time hourly Drivers, Helpers, Kitchen Staff, Leads, Sanitation, Maintenance and Mechanics excluding management coordinators, office clerical employees, managers and guards as defined the National Labor Relations Act of 1947 as amended (the "Act")." (Bhojwani Decl., Exh. 1 at Art 1, Sec. 1; Exh. 2 at Art 1, Sec. 1.) The Agreement does not define the job titles listed. The Court will have to interpret whether certain putative class members are included or excluded under the terms of the Agreement.

53.     Second, because there are two separate CBAs which govern dnata employees who worked at different facilities, each CBA will have to be interpreted to determine which putative class members fall under the Agreement's coverage.

54.     Third, both CBAs state that dnata must maintain a seniority list, which governs overtime opportunities, but dnata has no obligation to offer any employee overtime opportunities.

DEFENDANT DNATA US INFLIGHT CATERING LLC'S
NOTICE OF REMOVAL TO FEDERAL COURT                    Case No.

(Bhojwani Decl., Exh. 1 (LAX CBA) at Art. 6, Sec. 2-3; Exh. 2 (SFO CBA) at Art. 6, Sec. 2-3.) The CBAs also state that all employees must be paid time and one-half for all hours worked in excess of eight hours in any one day. (*Id.*, Exh. 1 at Art 7, Sec. 2; Exh. 2 at Art 7, Sec. 2.) Because Plaintiff alleges dnata never paid employees overtime for hours worked in excess of eight hours in a workday, Plaintiff's allegations boil down to a contention that dnata did not perform under the CBAs. Accordingly, Plaintiff's Complaint asserts a claim based upon a right, premised on seniority, conferred upon employees by the CBA, and preemption is justified. *Firestone*, 219 F.3d at 1065.

55.    Fourth, both CBAs also provide conditions regarding meal and rest breaks. (Bhojwani Decl., Exh. 1 (LAX CBA) at Art. 6, Sec. 1; Exh. 2 (SFO CBA) at Art. 6, Sec. 1.) Plaintiff's allegation that he and other putative class members did not receive meal and rest periods is a further claim that dnata failed to perform under the CBA.

56.    Fifth, the CBAs provide a mandatory grievance procedure for disputes between the putative class members and dnata, and the CBA specifically provides that that grievance procedure applies to "any and all alleged violations of California Labor Law Section 512 and the Industrial Welfare Commission Wage Order 12-2001, Section 11(A)." (Bhojwani Decl., Exh. 1 (LAX CBA) at Art. 6, Sec. 5; Exh. 2 (SFO CBA) at Art. 6, Sec. 5.)

57.    Sixth, interpretation of the CBAs is necessary to determine certain putative class members' regular rate of compensation. In *Fitz-Gerald v. SkyWest,* 155 Cal. App. 4th 411, 419 (2007), the court held plaintiffs' meal and rest claims were preempted by the RLA where— assuming that the trial court found meal and rest period violations—interpretation of the CBA was necessary to determine the employees' regular rate of compensation for premiums under the Wage Order. *Id.* at 421-22. For the same reasons here, Plaintiff's overtime claims, minimum wage claims, meal period claims, and rest period claims require interpretation of the appropriate CBA. Thus, Plaintiff's allegations are preempted by the LMRA and RLA.

58.    Finally, Plaintiff's fifth cause of action for waiting time penalties, sixth cause of action for wage statement penalties, and seventh cause of action for unfair competition are all derivative of Plaintiff's other theories. Accordingly, these causes of action are directly founded

14

1    on rights created by the CBAs, are substantially dependent on an interpretation of the CBAs, and

2    are therefore preempted by the RLA.

3    **VII.    SUPPLEMENTAL JURISDICTION.**

4          59.    To the extent any of Plaintiff's claims are not removable under the RLA, and

5    conjointly the LMRA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a),

6    because they are part of the same common nucleus of operative facts over which this Court has

7    original jurisdiction.

8    **VIII.   VENUE.**

9          60.    "[A]ny civil action brought in a State court of which the district courts of the United

10   States have original jurisdiction, may be removed by the defendant or the defendants, to the district

11   court of the United States for the district and division embracing the place where such action is

12   pending."   28 U.S.C. § 1441(a).   As stated above, Plaintiff brought this action in California

13   Superior Court, County of San Francisco.   Thus, venue properly lies in the United States District

14   Court for the Northern District of California, San Francisco Division. 28 U.S.C. §§ 84(a), 1441(a);

15   Civil Local Rule 3-2(d).

16   **IX.    CONCLUSION.**

17         61.    Based on the foregoing, dnata requests that this action be removed to this Court.  If

18   any question arises as to the propriety of removal of this action, dnata respectfully requests the

19   opportunity to present a brief and oral argument in support of its argument that removal is proper.

20

21   Dated:  November 13, 2020                            JACKSON LEWIS P.C.

22

23                                          By:    /s/ Shannon B. Nakabayashi

24                                                 Shannon B. Nakabayashi
                                                   Mariko Mae Ashley

25                                                 Kayla M. Rathjen
                                                   Attorneys for Defendants

26                                                 DNATA US INFLIGHT CATERING LLC
                                                   121 INFLIGHT CATERING LLC

27                                                 KEVIN KLOIBER

     4853-2886-9584

28

DEFENDANT DNATA US INFLIGHT CATERING LLC'S
NOTICE OF REMOVAL TO FEDERAL COURT                    Case No.

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DNATA US INFLIGHT CATERING LLC, a New York limited liability company; "Additional Parties Attachment Form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTIAN L. MOORE, on behalf of himself and all others similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br>County of San Francisco -- Civic Center Courthouse<br>400 McAllister Street, San Francisco, California 94102 | CASE NUMBER (*Número del Caso*):<br>CGC-20-586912 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bibiyan Law Group, P.C., David D. Bibiyan, 8484 Wilshire Blvd, Suite 500, Beverly Hills, California, 90211, 310-438-5555

DATE: SEP 11 2020         Clerk, by   KALENE APOLONIO   , Deputy
*(Fecha)*                     *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Dnata Inflight Catering LLC a New York Company
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 17701.16
4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

A True Copy
Attest:
Process Server
Sandra Yade

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MOORE v. DNATA US INFLIGHT CATERING LLC, et al. | CGC-20-586512 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

121 INFLIGHT CATERING LLC, a New York limited liability company; KEVIN KLOIBER, an individual; and DOES 1 through 100, inclusive

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

1  BIBIYAN LAW GROUP, P.C.
   David D. Bibiyan (Cal. Bar No. 287811)
2  david@tomorrowlaw.com
   Diego Aviles (Cal. Bar No. 315533)
3  diego@tomorrowlaw.com
   Sara Ehsani-Nia (Cal. Bar No. 326501)
4  sara@tomorrowlaw.com
   8484 Wilshire Boulevard, Suite 500
5  Beverly Hills, California 90211
   Telephone: (310) 438-5555
6  Facsimile: (310) 300-1705

7  Attorneys for Plaintiff, CHRISTIAN L. MOORE, on
   behalf of himself and all others similarly situated

ENDORSED
FILED
San Francisco County Superior Court

SEP 11 2020

CLERK OF THE COURT
BY: KALENE APOLONIO
Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN FRANCISCO

10

11  CHRISTIAN L. MOORE, on behalf of himself     CASE NO.: CGC-20-586512
    and all others similarly situated,
12                                                CLASS ACTION COMPLAINT FOR:
                    Plaintiffs,
13                                                1. FAILURE TO PAY OVERTIME WAGES;

14        v.                                      2. FAILURE TO PAY MINIMUM WAGES;

15  DNATA US INFLIGHT CATERING LLC, a            3. FAILURE TO PROVIDE MEAL
    New York limited liability company; 121         PERIODS;
16  INFLIGHT CATERING LLC, a New York
    limited liability company; KEVIN KLOIBER,    4. FAILURE TO PROVIDE REST PERIODS;
17  an individual; and DOES 1 through 100,
    inclusive,                                    5. WAITING TIME PENALTIES;
18
                    Defendants.                   6. WAGE STATEMENT VIOLATIONS;
19
                                                  7. UNFAIR COMPETITION.
20
                                                  DEMAND FOR JURY TRIAL
21
                                                  [Amount in Controversy Exceeds $25,000.00]
22

23

24

25

26

27       COMES NOW plaintiff CHRISTIAN L. MOORE ("Plaintiff"), on behalf of Plaintiff and all

28  others similarly situated, and alleges as follows:

**GENERAL ALLEGATIONS**

**INTRODUCTION**

1.        This is a Class Action, pursuant to Code of Civil Procedure section 382, against DNATA US INFLIGHT CATERING LLC and any of its respective subsidiaries or affiliated companies within the State of California ("DNATA"), 121 INFLIGHT CATERING LLC and any of its respective subsidiaries or affiliated companies within the State of California ("121 INFLIGHT") and KEVIN KLOIBER ("MR. KLOIBER", and, with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

**PARTIES**

A.        **Plaintiff**

2.        Plaintiff is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, preparing and serving food. Plaintiff is informed and believes that Plaintiff worked for Defendants from approximately August of 2019 and through approximately February of 2020.

B.        **Defendants**

3.        Plaintiff is informed and believes and based thereon alleges that defendant DNATA is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of New York and doing business in the County of San Francisco, State of California.

4.        Plaintiff is informed and believes and based thereon alleges that defendant 121 INFLIGHT is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of New York and doing business in the County of San Francisco, State of California.

5.        Plaintiff is informed and believes and based thereon alleges that defendant MR. KLOIBER is, and at all times relevant hereto was, an individual residing in the State of California and the Vice President of Operations for DNATA and 121 INFLIGHT.

CLASS ACTION COMPLAINT

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include DNATA, 121 INFLIGHT, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

7.      Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

8.      All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

9.      As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

**JURISDICTION**

10.     Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

11.     Venue is proper in San Francisco County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, the county of San Francisco is where Defendants, or some of them reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class Members in San Francisco County, and because Defendants employ numerous Class Members in San Francisco County.

**FACTUAL BACKGROUND**

12.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, on occasion, failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

13.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

14.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than

4

1  five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on
2  which they worked in excess of ten (10) hours in a work day, and failing to provide compensation
3  for such unprovided meal periods as required by California wage and hour laws.

4      15.     For at least four (4) years prior to the filing of this action and continuing to the
5  present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or
6  some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major
7  fraction thereof and failed to provide compensation for such unprovided rest periods as required by
8  California wage and hour laws.

9      16.     For at least three (3) years prior to the filing of this action and continuing to the
10  present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the
11  full amount of their wages owed to them upon termination and/or resignation as required by Labor
12  Code sections 201 and 202.

13      17.     For at least one (1) year prior to the filing of this Action and continuing to the present,
14  Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with
15  itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages
16  earned; all applicable hourly rates in effect during the pay period and the corresponding number of
17  hours worked at each hourly rate; the name and address of the legal entity that is the employer; and
18  other such information as required by Labor Code section 226, subdivision (a).  As a result thereof,
19  Defendants have on occasion further failed to furnish employees with an accurate calculation of
20  gross and gross wages earned, as well as gross and net wages paid.

21      18.     Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, brings this action
22  pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 510,
23  512, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, section 11040, seeking
24  overtime wages, minimum wages, payment of premium wages for missed meal and rest periods,
25  waiting time penalties, wage statement penalties, other such provisions of California law, and
26  reasonable attorneys' fees and costs.

27  / / /
28  / / /

19.     Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

**CLASS ACTION ALLEGATIONS**

20.     Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

21.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

22.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.    **Numerosity**

23.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

24.     Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

/ / /

**B.**    **Commonality**

25.        There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.    Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.    Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.    Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.    Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.    Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.    Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.    Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.    Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

K.    Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

L.    Are Class Members entitled to costs and attorneys' fees?

M.    Are Class Members entitled to interest?

**C.    Typicality**

26.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

27.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.    Superiority of Class Action**

28.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

29.    Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

30.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

31.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

32.    At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

33.    At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

34.    Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants occasionally failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

35.    Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

36.    As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

/ / /

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**(Failure to Pay Minimum Wages – Against All Defendants)**

37.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

38.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

39.    Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

40.    For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

41.    As a result of Defendants' occasional unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

42.    Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

**THIRD CAUSE OF ACTION**

**(Failure to Provide Meal Periods – Against All Defendants)**

43.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

44.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

45.    Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of

1   not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

2   Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours

3   per day without providing the employee with a second timely meal period of not less than thirty (30)

4   minutes in which the employee is relieved of all of his or her duties.

5        46.       Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

6   with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,

7   the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate

8   of compensation for each workday that the meal period is not provided.

9        47.       For four (4) years prior to the filing of the Complaint in this Action through the

10   present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-

11   free uninterrupted meal periods every five hours of work without waiving the right to take them, as

12   permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the

13   Class Member's regular rate of compensation on the occasions that Class Members were not

14   provided compliant meal periods.

15        48.       By their occasional failure to provide Plaintiff and Class Members compliant meal

16   periods as contemplated by Labor Code section 512, among other California authorities, and failing,

17   at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants

18   willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

19        49.       As a result of Defendants' occasional unlawful conduct, Plaintiff and Class Members

20   have suffered damages in an amount, subject to proof, to the extent they were not paid additional

21   pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

22        50.       Plaintiff and Class Members are entitled to recover the full amount of their unpaid

23   additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

24   interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

25   Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

26   / / /

27   / / /

28   / / /

## FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods – Against All Defendants)

51.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

52.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

53.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½ ) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

54.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

55.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

56.     By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

/ / /

57.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

58.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

### FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

59.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

60.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

61.     Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

62.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

63.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code

1 | sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff
2 | and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,
3 | but intentionally adopted policies or practices incompatible with the requirements of Labor Code
4 | sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination
5 | or resignation..

6 | 64.    Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to
7 | waiting time penalties from the date their earned and unpaid wages were due, upon termination or
8 | resignation, until paid, up to a maximum of thirty (30) days.

9 | 65.    As a result of Defendants' occasional unlawful conduct, Plaintiff and Class Members
10 | have suffered damages in an amount subject to proof, to the extent they were not paid for all wages
11 | earned prior to termination or resignation.

12 | 66.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections
13 | 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover
14 | waiting time penalties, interest, and their costs of suit, as well.

15 | **SIXTH CAUSE OF ACTION**

16 | **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

17 | 67.    Plaintiff realleges and incorporates by reference all of the allegations contained in
18 | the preceding paragraphs as though fully set forth hereat.

19 | 68.    At all relevant times, Plaintiff and Class Members were employees or former
20 | employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

21 | 69.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members
22 | were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized
23 | statement that accurately reflects, among other things, gross wages earned; total hours worked; net
24 | wages earned; all applicable hourly rates in effect during the pay period and the corresponding
25 | number of hours worked at each hourly rate; and the name and address of the legal entity that is the
26 | employer, among other things.

27 | 70.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year
28 | before the filing of the Complaint in this Action through the present, Defendants, at times, failed to

comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

71.    Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

72.    As a result of Defendants' occasional unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

73.    Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

74.    Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

/ / /

/ / /

/ / /

## SEVENTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

75.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

76.     Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

77.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

78.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

79.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

### DEMAND FOR JURY TRIAL

80.     Plaintiff demands a trial by jury on all causes of action contained herein.

### PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.     An order certifying this case as a Class Action;

1    B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's

2          counsel as class counsel;

3    C.    Damages for all wages earned and owed, including minimum and overtime wages

4          under Labor Code sections 510, 1194, 1197 and 1199;

5    D.    Liquidated damages pursuant to Labor Code section 1194.2;

6    E.    Damages for unpaid premium wages from missed meal and rest periods under,

7          among other Labor Code sections, 512 and 226.7;

8    F.    Penalties for inaccurate wage statements under Labor Code section 226,

9          subdivision (e);

10   G.    Waiting time penalties under Labor Code section 203;

11   H.    Preliminary and permanent injunctions prohibiting Defendants from further

12         violating the California Labor Code and requiring the establishment of appropriate

13         and effective means to prevent future violations;

14   I.    Restitution of wages and benefits due which were acquired by means of any unfair

15         business practice, according to proof;

16   J.    Prejudgment and post-judgment interest at the maximum rate allowed by law;

17   K.    For attorneys' fees in prosecuting this action;

18   L.    For costs of suit incurred herein; and

19   M.    For such other and further relief as the Court deems just and proper.

20

21   Dated: August 31, 2020                    BIBIYAN LAW GROUP, P.C.

22

23                                            BY: _____

24                                            SARA EHSANI-NIA
                                              Attorneys for Plaintiff CHRISTIAN L. MOORE, on
25                                            behalf of himself and all others similarly situated

26                                                        A True Copy
                                                          Attest:
27
                                                          Process Server
28                                                        Sandra Yade

                                    17
                            CLASS ACTION COMPLAINT

1   BIBIYAN LAW GROUP, P.C.
    David D. Bibiyan (SBN 287811)
2   *david@tomorrowlaw.com*
    Diego Aviles (SBN 315533)
3   *diego@tomorrowlaw.com*
    Sara Ehsani-Nia (SBN 326501)
4   *sara@tomorrowlaw.com*
    8484 Wilshire Boulevard, Suite 500
5   Beverly Hills, California 90211
    Tel: (310) 438-5555; Fax: (310) 300-1705
6
    Attorneys for Plaintiff, CHRISTIAN L. MOORE,
7   on behalf of himself and all others similarly situated

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN FRANCISCO

10

11  CHRISTIAN L. MOORE, on behalf of        CASE NO.: CGC-20-586512
    himself and all others similarly situated,
12                                           NOTICE OF APPLICATION AND
            Plaintiff,                       APPLICATION FOR APPROVAL OF
13                                           COMPLEX LITIGATION DESIGNATION
            v.
14
    DNATA US INFLIGHT CATERING LLC, a
15  New York limited liability company; 121
    INFLIGHT CATERING LLC, a New York
16  limited liability company; KEVIN KLOIBER,
    an individual; and DOES 1 through 100,
17  inclusive,

18          Defendants.

19

20

21

22

23

24

25

26

27

28
Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
(310) 438-5555

NOTICE AND APPLICATION FOR COMPLEX LITIGATION DESIGNATION

1        **NOTICE OF APPLICATION FOR COMPLEX CASE DESIGNATION**

2        **PLEASE TAKE NOTICE** that pursuant to California Rules of Court 3.400 and 3.403,

3   San Francisco Superior Court Local Rule 3.5 and this Court's October 23, 2007 Amended General

4   Order Re: Procedure for Approval of Complex Litigation Designation, Plaintiff James Caramazza

5   ("Plaintiff"), on behalf of himself and all others similarly situated, hereby applies for complex case

6   designation of his class action against DNATA US INFLIGHT CATERING LLC, a New York

7   limited liability company; 121 INFLIGHT CATERING LLC, a New York limited liability

8   company; KEVIN KLOIBER, an individual; and DOES 1 through 100, inclusive.

9

10  Dated: September 17, 2020                    BIBIYAN LAW GROUP, P.C.

11

12                                       BY:  _____

13                                            SARA EHSANI-NIA
                                             DAVID D. BIBIYAN

14                                           Attorneys for Plaintiff CHRISTIAN L. MOORE, on
                                             behalf of himself and all others similarly situated

15

16

17

18

19

20

21       A True Copy
         Attest:

22                  Process Server
                    Sandra Yade

23

24

25

26

27

28

---

2

NOTICE AND APPLICATION FOR COMPLEX LITIGATION DESIGNATION

1 | <u>APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION</u>:

2 |     I.   <u>Class Action Provisional Designation As Complex Case</u>

3 |     Plaintiff's action is a class action and is thus entitled to provisional designation as a

4 | complex case within the meaning of California Rules of Court, rule 3.400, subdivisions (a) and

5 | (c).

6 |     II.   <u>This Action is a Complex Case Because It Will Involve Extensive Motion</u>

7 |            <u>Practice, Management of a Large Number of Witnesses and Documentary</u>

8 |            <u>Evidence and Substantial Postjudgment Judicial Supervision</u>

9 |     In deciding whether an action is a complex case under California Rule of Court 3.400(a),

10 | the court must consider whether the action is likely to involve:

11 |       (1) Numerous pretrial motions raising difficult or novel legal issues

12 |       that will be time-consuming to resolve;

13 |       (2) Management of a large number of witnesses or a substantial

14 |       amount of documentary evidence;

15 |       (3) Management of a large number of separately represented parties;

16 |       (4) Coordination with related actions pending in one or more courts

17 |       in other counties, states, or countries, or in a federal court; or

18 |       (5) Substantial postjudgment judicial supervision.

19 | (*See* California Rules of Court, rule 3.400(b).)

20 |     *1.   <u>Extensive Motion Practice Raising Difficult or Novel Issues That Will Be</u>*

21 |       *<u>Time-Consuming to Resolve</u>*

22 |     Plaintiff's class action complaint alleges that Defendants engaged in the following illegal

23 | activities: (1) failed to pay overtime wages; (2) failed to pay minimum wages; (3) failed to provide

24 | meal periods or compensation in lieu thereof; (4) failed to provide rest periods or compensation in

25 | lieu thereof; (5) failed to timely pay employees for all wages owed at termination; (6) wage

26 | statement violations; and (7) violations of Business and Professions Code § 17200, *et seq*. Among

27 | other violations, said conduct violated Labor Code sections 200, 201, 202, 203, 226, 226.7, 510,

28 |

1  512, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, section 11150. In addition,

2  the described conduct renders Defendants liable for civil penalties under the Labor Code.

3      Given that this is a class action, alleging a myriad of wage and hour violations, Plaintiff

4  expects extensive motion practice to both obtain the necessary information and documents from

5  Defendants to prosecute the claims, as well as in the context of class certification and summary

6  judgment motions on some or all of the claims. In addition, Plaintiff anticipates that these claims,

7  if certified, will engender significant motions from the defense, including decertification requests.

8          2. *Management of a Large Number of Witnesses and a Substantial Amount of*

9          *Documentary Evidence*

10      Given the wide-ranging labor code violations Plaintiff alleges, Plaintiff anticipates the

11  need to conduct deposition examinations of corporate witnesses and obtain a large amount of

12  documentary evidence on the issues. Plaintiff also anticipates that Defendants will desire to

13  conduct a large number of class member depositions; a number that the Court will determine.

14  Management of this large-scale discovery further supports the necessity for complex designation.

15          3. *Substantial    Post-Certification    and    Post-Judgment    Court    Required*

16          *Supervision*

17      Plaintiff anticipates the need for substantial post-class certification supervision of class

18  notice and opt-out procedures. If the parties are able to reach a settlement of the claims, this

19  circumstance will require Court approved class settlement procedures, including procedures

20  regarding class notice, fairness determinations, objections, and opt-out procedures. This

21  circumstance would also require substantial post-judgment Court supervision pertaining to claims

22  administration and distribution of class damages to class members. If the case does not settle, but

23  instead proceeds to trial, significant Court involvement would also be required to monitor a

24  distribution process arising from any judgment in favor of a class.

25  ///

26  ///

27  ///

28  ///

### III.    Conclusion

By virtue of its status as a class action, this case is presumed complex under California Rules of Court, rule 3.400(c)(6). Further, a cursory review of the factors under rule 3.400(b) also supports the designation of this case as complex. Under either analysis, this case will "require[] exceptional judicial management" and designating this case as complex will help achieve the goals of rule 3.400: to avoid "unnecessary burdens on the court or the litigants" and "to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel." (California Rules of Court, rule 3.400(a).)

Accordingly, for the reasons stated above, Plaintiff respectfully requests that this action be deemed a complex case and assigned to the Complex Litigation Department for all purposes.

Dated: September 17, 2020                    BIBIYAN LAW GROUP, P.C.

BY: _____
SARA EHSANI-NIA
DAVID D. BIBIYAN
Attorneys for Plaintiff CHRISTIAN L. MOORE, on
behalf of himself and all others similarly situated

A True Copy
Attest:
Process Server
Sandra Yade

NOTICE AND APPLICATION FOR COMPLEX LITIGATION DESIGNATION

1  **BIBIYAN LAW GROUP, P.C.**
   David D. Bibiyan (SBN 287811)
2  *david@tomorrowlaw.com*
   Diego Aviles (SBN 315533)
3  *diego@tomorrowlaw.com*
   Sara Ehsani-Nia (SBN 326501)
4  *sara@tomorrowlaw.com*
   8484 Wilshire Blvd, Suite 500
5  Beverly Hills, California 90211
   Tel; (310) 438-5555; Fax: (310) 300-1705
6
   Attorneys for Plaintiff, CHRISTIAN L. MOORE, on
7  behalf of himself and all others similarly situated

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF SAN FRANCISCO

10

11  CHRISTIAN L. MOORE, on behalf of himself    CASE NO.: CGC-20-586512
    and all others similarly situated,
12                                              [Assigned for all purposes to the Hon. Samuel
            Plaintiff,                          K. Feng in Dept. 610]
13
14          v.                                  **NOTICE OF CASE MANAGEMENT
                                                CONFERENCE**
15  DNATA US INFLIGHT CATERING LLC, a
    New York limited liability company; 121     HEARING INFORMATION:
16  INFLIGHT CATERING LLC, a New York
    limited liability company; KEVIN KLOIBER,   DATE:   February 10, 2021
17  an individual; and DOES 1 through 100,      TIME:   10:30 a.m.
    inclusive,                                  DEPT:   610
18
19          Defendants.                         ACTION FILED: September 11, 2020

20

21

22

23

24

25

26

27

28

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Blvd, Suite 500
Beverly Hills, California 90211
(310) 438-5555

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2        **PLEASE TAKE NOTICE** that a Case Management Conference has been scheduled in

3   the above-entitled matter for February 10, 2021 at 10:30 a.m., in Department 610 of the Superior

4   Court of California, for the County of San Francisco, Civic Center Courthouse, located at 400

5   McAllister Street, San Francisco, California 94102.

6        **PLEASE TAKE FURTHER NOTICE** a Case Management Statement shall be filed with

7   the court and served on all parties by each counsel at least fifteen (15) calendar days before the

8   above-refenced hearing.

9        **PLEASE TAKE FURTHER NOTICE** that further orders of this Court appear in the

10  Court's Notice to Plaintiff, which is attached hereto.

11

12  Dated:  September 22, 2020                    BIBIYAN LAW GROUP, P.C.

13

14                                          BY:  _____

15                                               DAVID D. BIBIYAN
                                                 Attorneys for Plaintiff, CHRISTIAN L. MOORE, on
16                                               behalf of himself and all others similarly situated

17

18

19

20                                               A True Copy
                                                 Attest:
21                                               Process Server
                                                 Sandra Wade

22

23

24

25

26

27

28

NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER: CGC-20-586512  CHRISTIAN L. MOORE VS. DNATA US INFLIGHT CATERIN(

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:      FEB-10-2021

TIME:      10:30AM

PLACE:     Department 610
           400 McAllister Street
           San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| BIBIYAN LAW GROUP, P.C<br>David D. Bibiyan (Cal. Bar No. 287811)<br>8484 Wilshire Blvd, Suite 500<br>Beverly Hills, California 90211<br>TELEPHONE NO.: 310-438-5555     FAX NO.: 310-300-1705<br>ATTORNEY FOR (Name): Plaintiff CHRISTIAN L. MOORE | **ENDORSED**<br>**F I L E D**<br>San Francisco County Superior Court<br><br>SEP 1 1 2020<br><br>CLERK OF THE COURT<br>BY:     KALENE AFOLONGI<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
MOORE v. DNATA US INFLIGHT CATERING LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter     [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-20-586512 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (05)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is     [ ] is not     complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [✓] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary     b. [✓] nonmonetary; declaratory or injunctive relief     c. [ ] punitive
4. Number of causes of action (specify):  Seven (7)
5. This case [✓] is     [ ] is not     a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 31, 2020
Sara Ehsani-Nia
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

A True Copy
Attest:

Process Server
Sandra Yade

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*<u>Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint</u>\*\***

## WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1)   MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) **MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) **JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) **PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) **COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ <br> DEPARTMENT 610 |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐ **Other ADR process** (describe) _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  10/18                STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

# EXHIBIT B

1  Shannon B. Nakabayashi (State Bar No. 215469)
   Mariko Mae Ashley (State Bar No. 311897)
2  Kayla M. Rathjen (State Bar No. 330046)
   JACKSON LEWIS P.C.
3  50 California Street, 9th Floor
   San Francisco, California 94111-4615
4  Telephone:  (415) 394-9400
   Facsimile:  (415) 394-9401
5  E-mail:  Shannon.Nakabayashi@jacksonlewis.com
   E-mail:  Mariko.Ashley@jacksonlewis.com
6  E-mail:  Kayla.Rathjen@jacksonlewis.com

7  Attorneys for Defendants
   DNATA US INFLIGHT CATERING LLC, 121
8  INFLIGHT CATERING LLC, and KEVIN
   KLOIBER

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12

13  CHRISTIAN L. MOORE, on behalf of himself     Case No. CGC-20-586512
    and all others similarly situated,
14                                               **DEFENDANTS' ANSWER TO**
                      Plaintiff,                 **PLAINTIFF'S UNVERIFIED**
15                                               **COMPLAINT**
            v.
16                                               
    DNATA US INFLIGHT CATERING LLC, a            Complaint Filed:    09/11/2020
17  New York limited liability company; 121      Trial Date:         None Set
    INFLIGHT CATERING LLC, a New York
18  limited liability company; KEVIN KLOIBER,
    an individual; and DOES 1 through 100,
19  inclusive,

20                    Defendants.

21

22       Defendants  DNATA  US  INFLIGHT  CATERING  LLC,  121  INFLIGHT  CATERING

23  LLC, and KEVIN KLOIBER ("Defendants") hereby answer the unverified Complaint filed by

24  Plaintiff CHRISTIAN L. MOORE ("Plaintiff") as follows:

25                           **GENERAL DENIAL**

26       Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally

27  deny each and every allegation of the unverified Complaint and further specifically deny that

28  Plaintiff or anyone whom he seeks to represent in this action has suffered any injury or damages

                                        1

of any kind attributable in any way to an act or omission of Defendants, or that Plaintiff or anyone whom he seeks to represent in this action is entitled to damages, penalties, or any other relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants state the following defenses to the Complaint, but do not assume the burden of proof on any such defense except as required by applicable law.  Defendants reserve the right to assert additional defenses or otherwise supplement this Complaint upon discovery of facts or evidence rendering such action appropriate.

## FIRST AFFIRMATIVE DEFENSE

*Failure to State a Cause of Action*

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

*Statute of Limitations*

Plaintiff's claims and the claims of other current and former employees sought to be represented are barred, in whole or in part, by the applicable statute of limitations including California Code of Civil Procedure §§ 335.1, 338(a) and 340(a), Business & Professions Code § 17208 and by the six-month statute of limitations applicable to claims under the Railway Labor Act, National Labor Relations Act, and the Labor Management Relations Act.  *See* 29 USC §§ 160(b), 185 and *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983); *Herrera v. Command Sec. Corp.*, 837 F.3d 979, 985 (9th Cir. 2016).

## THIRD AFFIRMATIVE DEFENSE

*Waiver and Release*

The claims on behalf of certain members of the putative class Plaintiff seeks to represent are barred to the extent such claims have been waived, discharged, and/or abandoned.

///

//

1

### FOURTH AFFIRMATIVE DEFENSE

2

*Voluntary Waiver of Meal and Rest Periods*

3    Plaintiff's Third and Fourth Causes of Action for failure to provide meal and rest periods

4    are barred in whole or in part to the extent Defendants provided meal and rest periods in

5    compliance with California law, and Plaintiffs and individuals he seeks to represent in this action

6    voluntarily waived meal and rest breaks as allowed by the relevant provisions of the IWC Wage

7    Orders.

8

### FIFTH AFFIRMATIVE DEFENSE

9

*No Willful Conduct / Good Faith Dispute*

10    To the extent Plaintiff and anyone whom he seeks to represent in this action seek

11    penalties for any alleged willful failure to comply with the requirements of the California Labor

12    Code, including Labor Code section 203, such penalties are barred because Defendants did not

13    willfully violate any provision of the California Labor Code, and good faith disputes exist

14    concerning any alleged violations.

15

### SIXTH AFFIRMATIVE DEFENSE

16

*No Injury*

17    The Sixth Cause of Action in the Complaint is barred in whole or in part because, even

18    assuming *arguendo* Plaintiff and anyone who he seeks to represent in this action were not

19    provided with a proper itemized statement of wages and deductions, they are not entitled to

20    recover damages because they suffered no injury based on Defendants' alleged failure to provide

21    itemized wage statements.

22

### SEVENTH AFFIRMATIVE DEFENSE

23

*No Knowing and Intentional Failure*

24    The Sixth Cause of Action is barred in whole or in part because, even assuming *arguendo*

25    Plaintiffs or the allegedly aggrieved employees they purport to represent were not provided with

26    a proper itemized statement of wages and deductions, a recovery of damages or penalties is not

27    permitted because Defendants' alleged failure to comply with California Labor Code Section

28    226(a) was not a "knowing and intentional failure" under California Labor Code Section 226(e).

3

## EIGHTH AFFIRMATIVE DEFENSE

*Offset*

Plaintiff and anyone whom he seeks to represent in this action are barred from recovering any penalties for lost wages, or any recovery for lost wages must be offset or reduced, if and to the extent Defendants already compensated them fully or in excess of what was required by law. Alternatively, Defendants are entitled to a set-off for amounts Plaintiff and/or anyone whom he seeks to represent in this action owed to Defendants for receipt of funds to which they were not entitled or did not earn.

## NINTH AFFIRMATIVE DEFENSE

*No Jury Trial*

Defendants assert that to the extent Plaintiff and the putative class seek equitable relief under the Seventh Cause of Action under California Business and Professions Code section 17200, *et seq.*, they are not entitled to a jury trial, and instead must adjudicate their claims by way of a bench trial. *See Hodge v. Sup. Ct.* (2006) 145 Cal. App. 4th 278.

## TENTH AFFIRMATIVE DEFENSE

*RLA Preemption*

Plaintiff's Complaint states causes of action that fall under the Railway Labor Act or are otherwise preempted by federal labor law that governs labor relations in the railroad and airline industries.

## ELEVENTH AFFIRMATIVE DEFENSE

*Failure to Exhaust Grievance Procedures*

Plaintiff's Complaint and each purported cause of action alleged therein is barred in whole or in part because Plaintiff and/or those he seeks to represent failed to utilize the grievance procedures as required by the collective bargaining agreement.

## TWELFTH AFFIRMATIVE DEFENSE

*Wages are Covered by Valid Collective Bargaining Agreement*

A valid collective bargaining agreement or agreements expressly provide for the wages, hours of work, and working conditions of Plaintiff and those he seeks to represent, falling under

4

the exceptions under California Labor Code Section 512(e)(2), 514 and Wage Order 16 section 3(H).

### THIRTEENTH AFFIRMATIVE DEFENSE

*Laches and Unclean Hands*

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff and/or the individuals he purports to represent in this action did not act to remedy human resources issues, namely alleged missed meal periods, rest breaks, or issues with wage statements, as they were empowered to do by raising issues related to meal and rest break claims to superiors in a timely manner or otherwise placing Defendants on notice of issues with meal and rest breaks such that Defendants could address them.

### RESERVATION OF DEFENSES

Because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendants reserve their right to amend or assert additional affirmative defenses, if and to the extent such defenses are applicable and may become known.

WHEREFORE, Defendants pray for judgment as follows:

1.  That Plaintiff takes nothing by the Complaint;

2.  That the Complaint be dismissed in its entirety with prejudice;

3.  That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.  For cost of suits incurred herein, including reasonable attorneys' fees as allowed by law; and

///

///

///

///

///

///

Defendants' Answer to Plaintiff's Complaint                    Case No. CGC-20-586512

1        5.      For such other and further relief as the Court deems just and equitable.

2

3    Dated:  November 12, 2020                    JACKSON LEWIS P.C.

4

5                                          By: _____

6                                              Shannon B. Nakabayashi
                                               Mariko Mae Ashley
7                                              Kayla Rathjen
                                               Attorneys for Defendants
8                                              DNATA US INFLIGHT CATERING LLC,
                                               121 INFLIGHT CATERING LLC, and
9                                              KEVIN KLOIBER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1    **PROOF OF SERVICE [CCP § 1013(g) and CRC Rule 2.253**

2         I, Fatimah Sikin, declare that I am employed with the law firm of Jackson Lewis

3    P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I

4    am over the age of eighteen (18) years and am not a party to this action.

5         On November 12, 2020, I caused to be e-served the attached **DEFENDANTS'**

6    **ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** in this action by uploading a

7    true and correct copy thereof, in PDF format, for electronic filing and service by File &

8    ServeXpress by Mozato™ (a court-approved Electronic Filing Service Provider), pursuant to

9    Local Rule 2.11.  Said document to be filed with the Court, e-served on Plaintiff's counsel of

10   record, whose contact information is as follows:

11   David D. Bibiyan                                          *Attorney for Plaintiff*
     Diego Aviles
12   Sara Ehsani-Nia                                          Christian L. Moore
     Bibiyan Law Group P.C.
13   8484 Wilshire Boulevard, Suite 500
     Beverly Hills, CA  90211
14   Tel:  (310) 438-5555
     Fax: (310) 300-1705
15   Email:  david@tommorrowlaw.com
     Email:  diego@tommorrowlaw.com
16   Email:  sara@tommorrowlaw.com

17

18        I declare under penalty of perjury, under the laws of the State of California, that

19   the above is true and correct.

20        Executed on November 12, 2020, at San Francisco, California.

21

22                                                    _____

23                                                              Fatimah Sikin

24

25

26

27
     4852-5982-1264
28

                                                    1